UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SIEGRID ROBESON,<br><br>        Plaintiff,<br><br>   v.<br><br>TWIN RIVERS UNIFIED SCHOOL DISTRICT; CITY OF SACRAMENTO; ROBERT BALL; JOSEPH WILLIAMS; CORTEZ QUINN; LINDA FOWLER; BOB BASTIAN; REBECCA SANDOVAL; WALTER GARCIA KWAMOTO; MICHAEL BAKER; JOHN DEXTER; MICHELLE RIVAS; JANIS GREEN; ALECIA EUGENE-CHASTEN; ROGER WESTRUP; RICK BRAZIEL; DAVID RISLEY; CHARLES HUSTED; THOMAS LITTLE; PATTY SMART; TIMOTHY CARY; PAUL HAMILL; WILLIAM TRINKLE; FRANK PORTER; and JAMES MADDOCK,<br><br>        Defendants. | CIV. NO. 2:14-2 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND |

----oo0oo----

        Plaintiff Siegrid Robeson, a former employee of defendant Twin Rivers Unified School District ("Twin Rivers"), brought this action against Twin Rivers and numerous individual

1

defendants arising out of the termination of plaintiff's employment as a school administrator.  After plaintiff initially filed this case in Sacramento County Superior Court, defendants removed it to this court under 28 U.S.C. § 1441(a) because plaintiff asserted a claim under 42 U.S.C. § 1983 over which the court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  Plaintiff now moves to remand the action on the basis of a forum selection clause in her employment agreement with Twin Rivers stating that "[a]ny litigation associated with this contract shall be brought in State Court in Sacramento County, California."  (Compl. Ex. A at 42 (Docket No. 1).)

When parties have executed a forum selection clause waiving the right to a federal forum, remand to state court is appropriate even if a federal court could otherwise exercise jurisdiction.  See Pelleport Invs., Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 280 (9th Cir. 1984); see also Kamm v. ITEX Corp., 568 F.3d 752, 757 (9th Cir. 2009) (holding that remand on the basis of a forum selection clause is appropriate even if remand would otherwise be barred by 28 U.S.C. § 1447(c)).  Both the Supreme Court and Ninth Circuit have emphasized that a forum selection clause is "presumptively valid."  Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972)).  A party opposing enforcement of a forum selection clause therefore "bears a heavy burden" to demonstrate that remand is inappropriate.  Id. (citation and internal quotation marks omitted)).

The applicability of a forum selection clause in an employment contract depends on "whether the forum selection

2

clause is mandatory or permissive." N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1036 (9th Cir. 1995). A mandatory clause "must contain language that clearly designates a forum as the exclusive one." Id. at 1037. Remand is proper if the forum selection clause if the clause is mandatory, but not if it is permissive. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987).

        Here, the forum selection clause provides that any action associated with plaintiff's employment contract "shall be brought" in Sacramento County Superior Court. (Compl. Ex. A. at 42.) Courts in the Ninth Circuit have construed identical language as mandatory and held that it requires exclusive jurisdiction in the designated forum. See, e.g., TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc., 915 F.2d 1351, 1352 (9th Cir. 1990) (enforcing a forum selection clause stating that "any litigation arising out of this Agreement . . . shall be brought in the city of Berne, Switzerland"); Turner v. Thorworks Indus., Inc., Civ. No. 2:05-2653 WBS KJM, 2006 WL 829142, at *4 (E.D. Cal. Mar. 28, 2006) (holding that a clause stating that "any action . . . shall be brought in the appropriate state or federal court with jurisdiction over Erie County, Ohio" constituted "mandatory language specifying a particular forum"). The clause therefore indicates that the parties intended for Sacramento County Superior Court to be the exclusive forum in this action.

        None of the cases cited by defendants suggest otherwise. In Hunt Wesson Foods, the Ninth Circuit held that a forum selection clause stating that the courts of Orange County,

3

1  California "shall have jurisdiction" was permissive because it
2  did not indicate that Orange County Superior Court was the
3  exclusive forum; rather, the court held that it merely served to
4  bar the parties from asserting that Orange County Superior Court
5  lacked jurisdiction.  875 F.2d at 77.  The Ninth Circuit likewise
6  held in Pittsburg-Des Moines Steel Co. that a forum selection
7  clause stating that an arbitration award "shall be enforceable"
8  in San Francisco Superior Court was permissive because "the
9  effect of the language is merely that both parties consent to
10 jurisdiction and venue" in that forum.  69 F.3d at 1037.  In so
11 holding, the Ninth Circuit emphasized that the result in both
12 cases turned on the absence of mandatory language specifying the
13 designated state court as the exclusive forum in which the
14 parties' disputes would be heard.  Id.

15         By contrast, the forum selection clause at issue here
16 provides that "any litigation . . . shall be brought" in
17 Sacramento County Superior Court.  (Compl. Ex. A at 42.)  That
18 language strongly indicates that the parties intended to
19 designate Sacramento County Superior Court as the exclusive venue
20 for any disputes associated with the contract and not merely to
21 consent to jurisdiction in that court.  See Docksider, Ltd. v.
22 Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989) (holding that
23 a forum selection clause providing that "[v]enue of any action
24 brought hereunder shall be deemed to be in Gloucester County,
25 Virginia" was mandatory because its "language makes clear that
26 venue, the place of suit, lies exclusively in the designated
27 county").  The fact that this clause appears in a paragraph
28 entitled "Choice of Forum," (Compl. Ex. A. at 42), strengthens

4

the inference that the parties intended to designate Sacramento County Superior Court as the forum in which their disputes would be heard. That the forum selection clause does not use the term "venue" is immaterial; no "magic words" are required to "render a forum selection clause mandatory and exclusive." A.O. Smith Corp. v. Transpac Container Sys. Ltd., Civ. No. 09-304 RGK JTLx, 2009 WL 3001503, at *3 (C.D. Cal. May 8, 2009) (citing Docksider, 875 F.2d at 763).

Moreover, reading the forum selection clause to provide for permissive rather than mandatory jurisdiction in Sacramento County Superior Court would render the forum selection clause superfluous because that court would have jurisdiction even in the absence of a forum selection clause. See Ark. Writers Project, Inc. v. Ragland, 481 U.S. 221, 234 (1987) (noting that "federal and state courts have concurrent jurisdiction over actions brought under § 1983"). This reading would flout the "fundamental rule of contract interpretation . . . that a contract should be interpreted as to give meaning to each of its provisions." Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc., 971 F.2d 272, 278-79 (9th Cir. 1992) (citing Restatement of Contracts (2d) § 203a cmt. b (1979)).[1]

---

[1] Defendants also suggest that the forum selection clause permits federal jurisdiction so long as plaintiff initially "brought" the action in state court. Because a defendant has the right to remove any case over which the federal courts have original jurisdiction, 28 U.S.C. § 1441, defendants' reading would deprive the forum selection clause of any effect and is therefore untenable. See Brinderson-Newberg, 971 F.2d at 278-79. Rather, the phrase "shall be brought" indicates that the case must be heard--not merely filed--in state court. See, e.g., TAAG, 915 F.2d at 1352; Turner, 2006 WL 829142 at *4.

In light of these considerations, the language of the forum selection clause strongly suggests that the parties intended to designate Sacramento County Superior Court as the exclusive forum in this action. Even if defendants were correct that the forum selection clause is ambiguous, which they are not, that ambiguity would not militate against remand.[2] Rather, because defendants have not shown that the clause is unambiguously permissive, the presumption in favor of enforcing forum selection clauses would counsel in favor of remand to state court. See Doe 1, 552 F.3d at 1083.

Defendants contend that even if the clause binds Twin Rivers, it does not bind any other defendant because those defendants were not signatories to the employment agreement. Ordinarily, a provision in a contract "may not be invoked by one who is not a party to the agreement." Britton v. Co-op Banking Grp., 4 F.3d 742, 744 (9th Cir. 1993) (citation omitted).

---

[2] Ordinarily, the court would resolve any ambiguities by "constru[ing] the language against the drafter of the contract." Hunt Wesson Foods, 817 F.2d at 78. However, plaintiff's employment contract contains a clause stating that "neither this Agreement nor any uncertainty or ambiguity herein will be construed or resolved against either party (including the party primarily responsible for drafting and preparing this Agreement)." (Compl. Ex. A. at 43.) The contract further represents that both parties have "participated equally or have had equal opportunity to participate" in the drafting of the contract. (Id.)

Hard as it is to believe that all of Twin Rivers' many employees had an "equal opportunity" to participate in the drafting of what appears to be a form contract, the court will nonetheless decline to apply the presumption against the drafter to construe the language at issue here. As explained above, this does not change the outcome of the case: the language of the forum selection clause is not ambiguous, and even if it were, the presumption in favor of enforcing forum selection clauses would break the tie in plaintiff's favor. See Doe 1, 552 F.3d at 1083.

6

However, the Ninth Circuit has held that when the conduct of third parties is "closely related to the contractual relationship" between the signatories to a forum selection clause, those parties "should benefit from and be subject to forum selection clauses."[3] Manetti-Farrow v. Gucci Am., Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1998) (citations omitted); see also Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 456 (9th Cir. 2007) (holding that a forum selection clause was binding upon non-signatory defendants when "any transactions between those entities and [the plaintiff] took place as part of the larger contractual relationship" between plaintiff and the signatory defendant).

Here, the defendants consist of Twin Rivers' current and former employees, members of the governing board of the school district, lawyers retained by Twin Rivers, individuals who provided consulting services to Twin Rivers, the City of Sacramento,[4] and several police officers employed by the City of

---

[3] To the extent defendants rely upon California cases that are inconsistent with Manetti-Farrow and Holland America Line, their reliance is misplaced because "the enforceability of forum selection clauses is governed by federal law." Petersen v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013).

[4] Plaintiff named the City of Sacramento as a defendant based on the alleged misconduct of the Sacramento Police Department, which Twin Rivers retained to conduct an independent investigation of the district's police department. (See Compl. ¶ 40.) For purposes of this Order, the court need not determine whether it was appropriate to name the City of Sacramento as a defendant in lieu of the Sacramento Police Department. Compare United States v. Kama, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring) (noting that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983") with Streit v. County of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001) (holding that

Sacramento. (See Compl. ¶¶ 2-28.) Plaintiff alleges that after she was promoted by Twin Rivers to the position of deputy superintendent, defendants walled her off from an ongoing investigation of the district police department, (id. ¶ 39), blamed her for ongoing misconduct within the department, (id. ¶¶ 43-44), retaliated against her for retaining a lawyer, (id. ¶ 49), falsely accused her of driving under the influence and attempting to manipulate the police report after a traffic accident, (id. ¶ 51), placed her on administrative leave, (id. ¶ 54), and ultimately terminated her employment, (id. ¶ 62).

Like the plaintiff in Manetti-Farrow, who alleged that the non-signatory defendants conspired to terminate plaintiff's exclusive dealership agreement with the signatory defendant, see 858 F.2d at 511, plaintiff explicitly alleges that defendants "conspired with each other" and with Twin Rivers to force her out of her position as deputy superintendent. (Compl. ¶ 114.) Plaintiff also alleges that those defendants were agents or employees of Twin Rivers and that her termination resulted from acts taken within the scope of that employment or agency relationship. (Id. ¶ 28.) Plaintiff's allegations therefore establish that defendants' conduct was "closely related to," Manetti-Farrow, 858 F.2d at 514 n.5, and "took place as a part of," Holland Am. Line, 485 F.3d at 456, plaintiff's employment pursuant to her contract with Twin Rivers.

---

police and sheriff departments in California are "separately suable entit[ies]" and can be subject to liability under § 1983); see also Olvera v. County of Sacramento, 932 F. Supp. 2d 1123, 1172 n. 17 (E.D. Cal. 2013) (analyzing case law concerning municipal departments named as § 1983 defendants).

1    In short, plaintiff's employment contract provides that
2 Sacramento County Superior Court is the exclusive forum for any
3 disputes associated with that contract, see Hunt-Wesson Foods,
4 817 F.2d at 75, and all defendants are bound by that provision
5 because their conduct is closely related to plaintiff's
6 contractual relationship with Twin Rivers, see Manetti-Farrow,
7 858 F.2d at 514 n.5.  Accordingly, the court will grant
8 plaintiff's motion to remand.
9    Plaintiff also moves for attorney's fees associated
10 with the removal and remand proceedings.  Although 28 U.S.C. §
11 1447(c) does permit a party to recover for the costs of removal
12 if an action is subsequently remanded, it does not authorize a
13 fee award when the remand is based on a forum selection clause.
14 See Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co., 940 F.2d
15 550, 555 (9th Cir. 1991).  Accordingly, the court will deny
16 plaintiff's motion for attorney's fees.
17    IT IS THEREFORE ORDERED that plaintiff's motion to
18 remand be, and the same hereby is, GRANTED.
19    IT IS FURTHER ORDERED that plaintiff's motion for
20 attorney's fees be, and the same hereby is, DENIED.
21    This action is hereby ordered REMANDED to the Superior
22 Court of the State of California, in and for the County of
23 Sacramento.
24 Dated:  April 8, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9